UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GUY KMIECIK | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| | ) Case No. 1:18CV219 ACL |
| BRIAN P. PARKER, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendant Brian P. Parker's Motion to Dismiss. (Doc. 8.) Plaintiff opposes the Motion. (Doc. 13.) For the following reasons, the Motion will be granted.

**I.    Background**

Plaintiff Christopher Guy Kmiecik filed this action under 42 U.S.C. § 1983, claiming that his constitutional rights were violated when he was charged with felonious assault and kidnapping of his wife in Cause No. 181R-CR00248. (Doc. 2.)

Kmiecik alleges that Defendant Brian P. Parker, the elected Prosecuting Attorney of Iron County, Missouri, filed duplicate charges resulting in his re-arrest, at the request of Kmiecik's wife, Dena Lynn Kmiecik. He contends that Dena Lynn Kmiecik sought to gain an unfair advantage over him in their pending divorce case. Kmiecik alleges that he was damaged by the filing of the additional charges, as he was arrested again and will have to incur additional expenses related to bond and counsel fees. In Count I, Kmiecik seeks compensatory damages in an amount in excess of $75,000, and a temporary and permanent injunction prohibiting

1

Defendant Parker from participating in further proceedings in Cause No. 181R-CR00248. In Count II, Kmiecik requests damages for abuse of process.

Defendant Parker moved to dismiss both counts for failure to state a claim for which relief may be granted, on the basis that Parker as Prosecuting Attorney is absolutely immune from liability. (Doc. 8.) Kmiecik argues that Parker is not entitled to absolute immunity because the allegations in the Complaint challenge Parker's administrative duties. (Doc. 13.)

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content ... allows the court to draw the reasonable inference that the respondent is liable

for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005)).

### III. Discussion

The Supreme Court has observed that a "defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate[.]" *Imbler v. Pachtman*, 424 U.S. 409, 425 (1976). In *Imbler*, the Supreme Court expanded the doctrine of absolute judicial immunity and held that prosecutors are absolutely immune from liability under § 1983 for their actions in "initiating a prosecution and in presenting the State's case," *id*., at 431, to the extent those actions are "intimately associated with the judicial phase of the criminal process," *id*. at 430; *Burns v. Reed*, 500 U.S. 478, 487 (1991). The Supreme Court declined to decide if absolute immunity extends to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate," *Imbler*, 424 U.S. at 430-31, but acknowledged that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Id.* at 431, n.33. Subsequent cases have clarified the scope of absolute immunity for prosecutors to include "[a]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [their] role as an advocate of the State." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). A prosecutor is not entitled to absolute immunity if his or her conduct is administrative or investigative in nature, however, but instead only to qualified immunity. *Id.*

3

"[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns*, 500 U.S. at 487. "It is important to determine the precise claim" that a plaintiff makes against a prosecutor. *Id.* The correct inquiry is "whether the prosecutor's actions are closely associated with the judicial process." *Id.* at 496 (holding prosecutor was entitled to absolute immunity for allegations that he facilitated the issuance of a search warrant by presenting evidence to the court knowing the witness was giving false testimony, but was not entitled to absolute immunity for providing legal advice to the police). Once a court determines that absolute immunity applies, such immunity "is not defeated by allegations of malice, vindictiveness, or self-interest." *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006). Absolute immunity "applies even if the prosecutor's steps to initiate a prosecution are patently improper" or in the face of "[a]llegations of unethical conduct and improper motives in the performance of prosecutorial functions[.]" *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (citing cases).

The Court concludes Parker is entitled to absolute immunity on Plaintiff's claims. Plaintiff argues that Parker's act of filing an identical charge to one already pending is "extra-judicial" and constitutes "a failure of his administrative duties by failing to be aware of his own docket and pending cases." (Doc. 13 at 2.) Plaintiff effectively claims that Parker brought charges against him without first conducting an adequate investigation. "A prosecutor enjoys absolute immunity for acts performed 'in initiating a prosecution and in presenting the State's case.'" *Reasonover*, 447 F.3d at 579 (quoting *Imbler*, 424 U.S. at 431). A prosecutor's professional determination to seek charges, even if improper, is undertaken in direct preparation for the initiation of judicial proceedings, and is therefore closely related to the judicial process. That plaintiff ascribes improper and personal motives for Parker's action is of no consequence,

4

because absolute immunity provides complete protection from judicial scrutiny of the motives for his alleged actions. *Sample*, 836 F.3d at 916.

Thus, Plaintiff's claims against Parker will be dismissed on the basis of absolute immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brian P. Parker's Motion to Dismiss. (Doc. 8) is **granted**.

**IT IS FURTHER ORDERED** that the Complaint is **dismissed as to Defendant Brian P. Parker**.

*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of February, 2019.